# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19 - 66295 - WLH |
| | : | |
| MICHAEL JAMIL COBB, | : | |
| | : | |
| | : | CHAPTER 11 |
| | : | |
| DEBTOR. | : | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS

Comes now Nancy J. Gargula, the United States Trustee for Region 21, in furtherance of her administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 1112(b), and files this Motion to Dismiss and in support thereof states as follows:

1. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

2. Pursuant to 28 U.S.C. § 586(a)(3) and (8), the United States Trustee's duties include supervising the administration of chapter 11 cases. The United States Trustee files this motion in furtherance of his duties and responsibilities pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 307.

**I.    STATEMENT OF FACTS**

3. On October 11, 2019, Michael Jamil Cobb (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq.

4. On October 16 and 17, 2019, pursuant to 28 U.S.C. § 586(a)(3) and the United States Trustee's Operating Guidelines and Reporting Requirements, the United States Trustee notified Debtor, through his attorney M. Denise Dotson, of various chapter 11 disclosure requirements and of a mandatory Initial Debtor Interview ("IDI"). Debtor

was asked to provide the United States Trustee financial and business information no later than October 23, 2019. The information requested included, but was not limited to: proof of the establishment of debtor-in-possession bank accounts; proof that Debtor maintains acceptable insurance coverage; copies of Debtor's most recent federal income tax returns; and a 90 day listing of all disbursement checks. To date Debtor has produced some bank statements and his 2017 federal income tax returns. Debtor has not produced much of the documents requested in advance of the IDI – including proof of insurance.

5.      The IDI was originally scheduled to be held at 1:00 p.m. on October 29, 2019. This date and time had been agreed upon by the United States Trustee in coordination with Ms. Dotson. Only after 11:00 a.m. on October 29, 2019, in response to an email from the United States Trustee's analyst assigned to the case regarding Debtor's failure to produce much of the requested information for the IDI, Ms. Dotson indicated that she had a conflict and could not attend the IDI scheduled for 1:00 p.m. that afternoon.

6.      The United States Trustee notes that the instant case is Debtor's third case in 2019. Debtor's most recently filed case, chapter 11 case number 19-55290, had been dismissed pursuant to a motion filed by the United States Trustee on August 21, 2019, substantially due to Debtor's failure to produce proof of insurance and failure to complete the IDI.

7.      Debtor indicates through his sworn schedules that he owns numerous properties and from that real property receives rental income. That Debtor is unable to promptly demonstrate that he has acceptable insurance coverage on the properties is concerning. This is amplified by the fact that it is a repeated failure – Debtor was unable to produce the proof of insurance in case number 19-55920 and he has been unable to do so in the instant case.

**II.     AUTHORITIES AND ARGUMENT**

8.      11 U.S.C. § 1112(b), in pertinent part, provides as follows:

[T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause….

> (4) For purposes of this subsection, the term "cause" includes –
> (A) substantial or continuing loss to or dimunition of the estate and the absence of a reasonable likelihood of rehabilitation
> (B) gross mismanagement of the estate …
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public
> (F) unexcused failure to satisfy and filing or reporting requirement established by this title or by any rule applicable to a cause under this chapter
> …
> (H) failure to provide information or attend meetings reasonably requested by the United States Trustee;

11 U.S.C. §§ 1112(b)(A) - (C), (F) and (H)

9. Debtor's failure to failure to maintain appropriate insurance that poses a risk to the estate or to the public and his repeated failure to provide information reasonably requested by the United States Trustee constitutes cause for dismissal or conversion of the case pursuant to section 1112(b)(4)(C) and (H).

### III. CONCLUSION

10. Since Debtor has failed to produce information requested by the United States Trustee and cooperate with the United States Trustee regarding the IDI, the Court should dismiss this case for cause under 11 U.S.C. § 1112 of the Bankruptcy Code.

11. The United States Trustee contends that since Debtor has failed to abide by his elemental duties and responsibilities as a debtor-in-possession, dismissal of this case is warranted and is in the best interest of creditors.

WHEREFORE, the United States Trustee prays for the entry of an order dismissing this case and for such other relief as the court deems necessary and appropriate.

                                                  Respectfully submitted,
                                                  NANCY J. GARGULA
                                                  UNITED STATES TRUSTEE
                                                  REGION 21

                                                  */s   David S. Weidenbaum*
                                                  DAVID S. WEIDENBAUM
                                                  Georgia Bar No. 745892
                                                  Trial Attorney

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
404.331.4437
david.s.weidenbaum@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss was this day sent by first class mail to the following:

Michael Jamil Cobb
3711 Ramsey Circle, SW
Atlanta, GA 30331

This is to certify that I have on this day electronically filed the foregoing *Motion to Dismiss* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Lisa F. Caplan on behalf of Creditor SELECT PORTFOLIO SERVICING, INC.
lcaplan@rubinlublin.com,
ruluecf@gmail.com;akhosla@rubinlublin.com;nbrown@rubinlublin.com;mhashim@rubinlublin.com;RULUECF@GMAIL.COM;BKRL@ecf.courtdrive.com

M. Denise Dotson on behalf of Debtor Michael Jamil Cobb
ddotsonlaw@me.com

Jennifer A. Jakob-Barnes on behalf of Creditor CF Properties Group, LLC
jennifer@sandyspringsbankruptcy.com,
jakobbankruptcyecf@gmail.com;R43202@notify.bestcase.com

This the 29th day of October, 2019.

　　　　　　　　　　　　　　　　　　　　　　　*/s  David S. Weidenbaum*
　　　　　　　　　　　　　　　　　　　　　　　DAVID S. WEIDENBAUM

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: : CASE NO. 19 - 66295 - WLH
:
MICHAEL JAMIL COBB, :
:
: CHAPTER 11
:
DEBTOR. :

NOTICE OF HEARING ON UNITED STATES TRUSTEE'S
MOTION TO DISMISS

PLEASE TAKE NOTICE that the United States Trustee has filed a motion to dismiss the above-referenced case.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the United States Trustee's Motion to Dismiss in **Courtroom 1403**, United States Courthouse, 75 Ted Turner Drive, Atlanta, Georgia, at **1:30 p.m**. on the **21st day of November, 2019**.

Your rights may be affected by the court's ruling on this motion. You should read this motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in this motion or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the motion with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

                                              Respectfully submitted,
                                              NANCY J. GARGULA
                                              UNITED STATES TRUSTEE
                                              REGION 21

                                              */s   David S. Weidenbaum*
                                              DAVID S. WEIDENBAUM
                                              Georgia Bar No. 745892
                                              Trial Attorney

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
404.331.4437
david.s.weidenbaum@usdoj.gov